HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERTO AYALA,

       Plaintiff,

     v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

       Defendants.

CASE NO. C13-285RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss.  No one has requested oral argument, and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS the motion to dismiss (Dkt. # 8), but grants Plaintiff leave to amend his complaint.  Plaintiff shall file his amended complaint no later than October 11, 2013, or the court will dismiss this action with prejudice.

## II.  BACKGROUND

The court describes the facts underlying this case as Plaintiff Roberto Ayala alleges them in his complaint and as they appear in documents subject to judicial notice. The court cites the complaint with a bare "¶" symbol and uses "Ex." to cite the exhibits that Mr. Ayala attached to his request for judicial notice.

In March 2007, Roberto Ayala borrowed $276,000 from America's Wholesale Lender, signing a promissory note and securing the note with a deed of trust.  The deed of

ORDER – 1

1
2
3

trust named Transnation Title as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, but "solely as nominee for [America's Wholesale Lender] and [its] successors and assigns) . . . ."  Ex. A.

4
5
6

Mr. Ayala defaulted on the loan.  He admits in his complaint that he "began having trouble making . . . mortgage payments" in 2009, ¶ 14, and admits in response to the instant motion that he defaulted.

7
8
9
10
11
12
13
14

In September 2010, MERS assigned its beneficial interest in the deed of trust to BAC Home Loans Servicing, LP ("BAC").  Ex. B.  BAC immediately nominated ReconTrust Company, N.A. ("ReconTrust") to serve as the successor trustee.  Ex. C.  In the document appointing ReconTrust, BAC described both itself and MERS as the beneficiary of the deed of trust.  *Id.*  "G. Hernandez" signed both documents on the same day in Ventura County, California.  Exs. B, C.  On the assignment, Mr. Hernandez purported to be an "Assistant Secretary" of MERS.  Ex. B.  On the appointment document, he purported to be an "Assistant Secretary" of BAC.  Ex. C.

15
16
17
18

The next month, ReconTrust recorded a notice of trustee's sale, setting a January 2011 date for a trustee's sale of Mr. Ayala's property.  Ex. D.  There is no allegation that Mr. Ayala did anything to stop the sale.[1]  Federal National Mortgage Association ("Fannie Mae") purchased the property at the trustee's sale.  ¶ 19.

19
20
21
22
23
24

BAC apparently effectuated the trustee's sale by assigning its interest in the deed of trust to Fannie Mae three days after the sale.  Ex. E.  Leticia Quintana signed the assignment as an "Assistant Secretary" of BAC.  Like Mr. Hernandez, she apparently wears two hats.  Mr. Ayala presents evidence subject to judicial notice demonstrating that Ms. Quintana signed another document (unrelated to this case) at about the same time, acting as an "Assistant Secretary" of MERS.  Ex. G.

25
26
27

---

[1] Mr. Ayala's opposition to the motion to dismiss includes an assertion that he "attempted to work with the parties he believed were the Note holders so that he could stay in the home." Pltf.'s Opp'n (Dkt. # 12) at 12.  That assertion appears nowhere in his complaint.

ORDER – 2

28

1
2
3
4
5
6

Mr. Ayala has now sued Fannie Mae, ReconTrust, BAC, and MERS.  He contends that Defendants are collectively responsible for wrongfully foreclosing on his property in violation of the Washington Deed of Trust Act (RCW Ch. 61.24) and the Washington Consumer Protection Act (RCW Ch. 19.86, "CPA").  He also claims that MERS committed fraud and that ReconTrust violated the Deed of Trust Act by failing to maintain the in-state physical presence that the Act requires.

7
8

Defendants have moved to dismiss all of Mr. Ayala's claims.  The court now considers their motion.

### III.   ANALYSIS

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Defendants invoke Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court may also consider evidence subject to judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

25
26
27
28

ORDER – 3

**A.     Mr. Ayala States no Claim Against Fannie Mae, and No Claim Against ReconTrust for Not Maintaining a Physical Presence in Washington.**

The court addresses two aspects of Mr. Ayala's claim summarily.  First, he states no claim against Fannie Mae.  The complaint alleges merely that Fannie Mae purchased his property at a trustee's sale.  Neither the complaint nor Mr. Ayala's response to the motion to dismiss explain how that is unlawful.  In his response to the motion, Mr. Ayala contends that Fannie Mae may not have been the holder of his note at the time of foreclosure, or at any time.  Pltf.'s Opp'n (Dkt. # 12) at 9.  But that allegation is insufficient to make Fannie Mae liable for anything, particularly where Mr. Ayala "does not seek to vacate the trustee sale of [his] home." *Id.* at 3.

Second, he states no claim against ReconTrust for violating RCW 61.24.030(6), which this court has referred to as the "physical presence" requirement for trustees seeking to conduct a trustee's sale. *See Douglas v. ReconTrust*, No. 11-1475RAJ, 2012 U.S. Dist. LEXIS 161268, at *4-5 (W.D. Wash. Nov. 9, 2012).  The court has previously ruled that ReconTrust's designation of a registered agent with a physical address and telephone number in Washington is sufficient to meet the physical presence requirement. *Id.* at *13-16.  Mr. Ayala cites no facts that distinguish his claim, and makes no legal argument that the court has not already rejected in *Douglas*.[2]

**B.     Mr. Ayala's Failure to Sue Before the Trustee's Sale Does Not Impact Most of His Claims.**

Defendants contend that Mr. Ayala waived at least some of his claims by failing to raise them in advance of the trustee's sale.  A plaintiff *may* waive equitable remedies and the right to void a trustee's sale by failing to raise a pre-sale challenge. *See Albice v. Premier Mortg. Servs.*, 276 P.3d 1277, 1283 (Wash. 2012) (discussing RCW 61.24.040(1)(f)(IX)).  But whatever Mr. Ayala might have waived in this case by failing to raise his claims sooner, he did not waive any of the claims enumerated in RCW

---

[2] The court affirmed its ruling in *Douglas* in two unpublished orders denying plaintiffs' motion for reconsideration.  Case. No. 11-1475RAJ, Dec. 7, 2012 ord. (Dkt. # 42), Mar. 5, 2013 ord. (Dkt. # 44).

ORDER – 4

1   61.24.127(1).  That statute provides that a borrower's failure to file a suit to enjoin a

2   foreclosure sale does not waive claims for *damages* arising from fraud,

3   misrepresentation, a host of statutory violations, or a trustee's violation of the Deed of

4   Trust Act.  RCW 61.24.127(1)(a)-(d).  The statutory exemption applies only to claims for

5   money damages, permitting no claim that would "affect in any way the validity or finality

6   of the foreclosure sale or a subsequent transfer of the property."  RCW 61.24.127(b)-(c).

7          With one exception, Mr. Ayala raises only claims within the statutory exemption.

8   Although his complaint requests several non-monetary remedies, including a declaratory

9   judgment that MERS's purported assignment of its interest to BAC is void (¶¶ VIII(1)-

10  (4)), he disclaimed those remedies in his opposition to the motion to dismiss.  Pltf.'s

11  Opp'n (Dkt. # 12) at 3 ("Plaintiff's claims are all claims for monetary damages.").  As

12  noted, he also disclaimed any interest in voiding the trustee's sale.  *Id.*  With those

13  disclaimers, the statutory exemption covers his fraud claim against MERS (RCW

14  61.24.127(1)(a)), his claim for violation of the CPA (RCW 61.24.127(1)(b)), and his

15  claims that ReconTrust violated the Deed of Trust Act (RCW 61.24.127).  The only

16  claims beyond the exemption are those against BAC and MERS for violating the Deed of

17  Trust Act.

18          The court need not decide if Mr. Ayala waived his Deed of Trust Act claims

19  against MERS and BAC.  *See Albice*, 276 P.3d at 1282 (stating requirements for waiver).

20  As the court will now discuss, those claims fail for at least one other reason.

21  **C.    Mr. Ayala Has Made No Plausible Allegation of Damage.**

22          It is likely that BAC, MERS, and ReconTrust violated the Deed of Trust Act in

23  foreclosing on Mr. Ayala's home.  Just before that foreclosure, MERS used its status as a

24  purported beneficiary of the deed of trust assign its interest to BAC, which promptly used

25  its new rights to appoint ReconTrust as a successor trustee.  But those actions are suspect,

26  to say the least.  The Washington Supreme Court has ruled that MERS cannot serve as

27

28  ORDER – 5

1   the beneficiary of a deed of trust unless it holds the note or debt instrument underlying
2   the deed of trust. *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 47 (Wash. 2012).
3   There is no indication that MERS ever held the note in this case.  Because MERS was
4   almost certainly not the beneficiary of the deed of trust, its assignment of its interest in
5   the Deed of Trust was meaningless.  If BAC acquired no valid beneficiary interest from
6   MERS, it had no right to appoint ReconTrust as a trustee.  And if ReconTrust was not a
7   proper trustee, it had no authority to foreclose on Mr. Ayala's property.  It is possible that
8   BAC, MERS, ReconTrust, and other parties took other steps that validated these
9   apparently unlawful actions, but the record before the court does not reveal those steps.
10  Had Mr. Ayala sued to enjoin the trustee's sale, he might well have forced Defendants to
11  prove that they had authority to take their actions, or to take additional steps to earn that
12  authority.  But he did not, the trustee's sale occurred, and he is now powerless to contest
13  that Fannie Mae became the owner of his property.

14          What are Mr. Ayala's damages?  Mr. Ayala does not answer that question.  His
15  circumstances are, unfortunately, not unusual.  He appears to have lost his home in a
16  foreclosure process that violated state law.  But he was in that situation because he had
17  defaulted on his loan.  He admits as much, and he does not contend that he would have
18  been any more capable of paying his mortgage if Defendants had acted lawfully.  He
19  seeks only money damages, but he does not explain how Defendants' actions damaged
20  him.  Before Defendants sold his property, he could have sued to force them to comply
21  with state law.  Assuming that Defendants eventually complied, however, they would
22  have eventually foreclosed nonetheless.  Mr. Ayala asserts that the foreclosure of his
23  home is itself "ample injury" to support his claims. Pltf.'s Opp'n at 5; *see also id.* at 12
24  ("[P]laintiff suffered an injury to his property [for purposes of his CPA claim] when he
25  was foreclosed on.").  He does not acknowledge that the foreclosure is not the result of
26  Defendants' alleged misconduct, it is the result of his inability to pay his mortgage.  The

27
    ORDER – 6
28

court has searched Mr. Ayala's complaint for a plausible allegation of damage arising from Defendants' conduct. The court was unable to find one. Mr. Ayala concedes that each of his claims requires him to prove monetary damages. His failure to plausibly allege those damages means that the court must grant Defendants' motion to dismiss.

Before concluding, the court notes that its decision today makes it unnecessary to delve into several of the parties' disputes. In particular, the court suggests no view on whether Mr. Hernandez and Ms. Quintana actually represented both MERS and BAC, or whether it was proper for them to do so. The court also declines to decide whether Mr. Ayala sufficiently alleged either a false statement from MERS or his reliance on that statement. Finally, nothing in this order should be construed to suggest that a plaintiff cannot successfully mount CPA claims or claims for violations of the Deed of Trust Act in the wake of a trustee's sale. The court merely concludes that Mr. Ayala's failure to allege damages is fatal to his claims.

## IV.  CONCLUSION

For the reasons previously stated, the court GRANTS Defendants' motion to dismiss. Dkt. # 8. Plaintiff requested leave to amend his complaint. The court grants leave reluctantly, because Mr. Ayala did not explain how he would amend his complaint to cure the deficiencies the court has identified. Nonetheless, Defendants did not oppose his request for leave to amend. The court notes, moreover, that recent case law may provide Mr. Ayala with guidance in recasting his claims.

Mr. Ayala must submit his amended complaint no later than October 11, 2013, or the court will dismiss this case with prejudice.

DATED this 17th day of September, 2013.

_____

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7